**FILED  
CLERK**

6/6/2023 2:01 pm

**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA,    . Criminal No. 22-CR-00347-JMA-SIL-2
                             .
            Vs.              . 100 Federal Plaza
                             . Central Islip, NY  11722
DENNIS WOLFOLK,              .
                             . DATE May 3, 2023
. . . . . . . . . . . . . . .
```

TRANSCRIPT OF PLEA  
BEFORE HONORABLE STEVEN I. LOCKE  
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:       UNITED STATES ATTORNEYS OFFICE  
                          EASTERN DISTRICT OF NEW YORK  
                          BY:   ANTHONY BAGNUOLA, ESQ.  
                          271 Cadman Plaza East  
                          Brooklyn, NY   11201

For the Defendant:        OBEDIN & WEISSMAN  
                          BY:   GLENN A. OBEDIN, ESQ.  
                          320 Carleton Ave  
                          Suite 4200  
                          Central Islip, NY   11722

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

_____

**TRACY GRIBBEN TRANSCRIPTION, LLC  
PO BOX 688  
Middletown, NJ 07748  
(732) 263-0044    Fax No. 732-865-7179  
800 603-6212  
www.tgribbentranscription.com**

I N D E X

WITNESS                COURT

DENNIS WOLFOLK      4/11/12

                                    PAGE

PLEA AGREEMENT                       9

ELEMENTS OF CRIME                   11

GOVERNMENT PROOFS                   17

PLEA/COURT                          18

1    THE CLERK: Calling case 22-cr-0347. United States
2 of America versus Dennis Wolfolk. Counsel, please state your
3 appearance for the record.
4    MR. BAGNUOLA: Good morning, Anthony Bagnuola, for
5 the Government.
6    THE COURT: Good morning.
7    MR. OBEDIN: Good morning, Your Honor, Glenn Obedin,
8 for Mr. Wolfolk.
9    THE COURT: Good morning. Mr. Obedin, your client is
10 with you at counsel table?
11    MR. OBEDIN: That is correct, Your Honor.
12    THE COURT: Okay. Mr. Wolfolk, before we get
13 started, you have an absolute right to have your plea heard by
14 a United States District Judge. In this case, that would be
15 Judge Azrack. I am not a United States District Judge, I am a
16 United States Magistrate Judge. Accordingly in order for me to
17 preside over these proceedings I need your consent. Do you
18 consent to me presiding over these proceedings?
19    THE DEFENDANT: Yes, sir.
20    THE COURT: And I'm holding a document entitled,
21 consent to proceed before United States Magistrate Judge, for
22 purposes of a plea of guilty and allocution. It appears to be
23 your signature at the bottom indicating your consent. Did you
24 sign this?
25    THE DEFENDANT: Yes, sir.

1  THE COURT: Okay, thank you. The way this is going
2 to work, Mr. Woolfolk, is I'm going to ask you a series of
3 questions. And then based on your answers to those questions,
4 I'm going to make a recommendation to Judge Azrack as to
5 whether she should accept your plea. The purpose of my
6 questions is to make sure that your plea is indeed a valid one.
7 However I'm going to rely on your answers so if you don't hear
8 my question or you don't understand my question, please say so
9 and I'll attempt to rephrase it or repeat it such that you can
10 understand it. Okay?
11  THE DEFENDANT: Yes, Your Honor.
12  THE COURT: Okay, also keep your voice up, the
13 acoustics in here are terrible. Would you please stand and
14 raise your right hand.
15  DEFENDANT, DENNIS WOLFOLK, SWORN
16  THE COURT: Thank you, please be seated.
17 EXAMINATION BY THE COURT:
18 Q   Sir, do you understand that having been sworn your answers
19 to my questions will be subject to the penalties of perjury or
20 of making a false statement if you do not answer truthfully?
21 A   Yes, sir.
22 Q   Okay, what is your full name?
23 A   Dennis Keith Antenl (phonetic) Wolfolk.
24 Q   And how old are you sir?
25 A   Just turned 30.

1  Q    Are you a citizen of the United States?
2  A    Yes, sir.
3  Q    How far did you go in school?
4  A    I have my GED.
5  Q    And when did you get that?
6  A    2014.
7  Q    Okay. Are you presently or have you recently been under
8  the care of a physician or psychiatrist?
9  A    No, sir.
10 Q    In the past 24 hours have you taken any narcotic drugs,
11 medicine, or pills or drank any alcoholic beverages?
12 A    No, sir.
13 Q    Have you ever been hospitalized or treated for narcotic
14 addiction?
15 A    No, sir.
16 Q    Is your mind clear today?
17 A    Yes, sir.
18 Q    Do you understand the proceedings?
19 A    Yes, sir.
20          THE COURT: Okay. Mr. Obedin, have you discussed
21 this matter with your client?
22          MR. OBEDIN: Yes, Your Honor.
23          THE COURT: Does he understand the rights he'd be
24 waiving with a guilty plea?
25          MR. OBEDIN: I believe he does.

1  THE COURT: Is your client capable of understanding
2 the nature of today's proceedings?
3  MR. OBEDIN: Absolutely.
4  THE COURT: Do you have any doubt about his
5 competence to plead at this time?
6  MR. OBEDIN: I do not.
7  THE COURT: All right, thank you.
8 BY THE COURT:
9 Q    Mr. Woolfolk, you have a right to plead not guilty, do you
10 understand?
11 A    Yes, Your Honor.
12 Q    Okay, if you plead not guilty, under the Constitution and
13 Laws of the United States you are entitled to a speedy and
14 public trial by a jury, with the assistance of counsel on all
15 charges.  Do you understand?
16 A    Yes, sir.
17 Q    At the trial you'd be presumed to be innocent and the
18 Government would have to overcome that presumption and prove
19 you guilty by competent evidence and beyond a reasonable doubt.
20 And you would not have to prove that you're innocent. And if
21 the Government failed, the jury would have the duty to find you
22 not guilty.  Do you understand?
23 A    Yes, sir.
24 Q    In the course of the trial, witnesses for the Government
25 would have to come to court and testify in your presence.  And

1 your counsel would have the right to cross examine the
2 witnesses for the Government, to object to evidence offered by
3 the Government, and to offer evidence on your behalf. Do you
4 understand?
5 A    Yes, sir.
6 Q    And if there were witnesses that were reluctant to come to
7 trial, your attorney would have the right to subpoena those
8 witnesses and make them testify on your behalf. Do you
9 understand?
10 A    Yes, sir.
11 Q    At the trial while you'd have the right to testify if you
12 chose to do so, you could not be required to testify. Under
13 the Constitution of the United States you cannot be compelled
14 to incriminate yourself. If you decided not to testify, the
15 Court would instruct the jury that they could not hold that
16 against you. Do you understand?
17 A    Yes, sir.
18 Q    If you plead guilty and I recommend acceptance of the
19 plea, and the plea is accepted, you'll be giving up your
20 constitutional rights to a trial and the other rights we've
21 just discussed. There will be no further trial of any kind and
22 no right to appeal or collateral attack at any time the
23 question of whether you are guilty or not. Although you may be
24 able to challenge the conviction or sentence if your sentenced
25 to a period of incarceration greater than 96 months. Do you

1  understand?

2  A    Yes, sir.

3  Q    If you please guilty I'm going to have to ask you
4  questions about what you did in order to satisfy myself that
5  you're guilty of the charge to which you seek to plead guilty,
6  and you'll have to answer my questions and acknowledge your
7  guilt, thus you'll be giving up your right not to incriminate
8  yourself.  Do you understand?

9  A    Yes, sir.

10 Q    Are you willing to give up your right to a trial and the
11 other rights we've just discussed?

12 A    Yes, sir.

13 Q    Okay, I'm holding before me a document entitled plea
14 agreement.  Have you had a chance to review this agreement with
15 your attorney?

16 A    Yes, Your Honor.

17 Q    And did you -- was he able to -- withdrawn.  Was he able
18 to explain the agreement's terms and answer any questions you
19 had to your satisfaction?

20 A    Yes, Your Honor.

21 Q    Are you comfortable that you understand the terms of the
22 agreement?

23 A    Yes, sir.

24 Q    And on the last page it appears to bear your signature,
25 did you sign the agreement?

1 A    Yes, sir.

2          THE COURT:  Okay, I'm now going to ask the attorney
3 for the Government to summarize the material terms of the
4 agreement for the record.

5          MR. BAGNUOLA:  Your Honor, can I retrieve one of the
6 two copies of the plea agreement that I handed up?

7          THE COURT:  Yes.

8          MR. BAGNUOLA:  Your Honor, pursuant to the plea
9 agreement with the Government, the defendant has agreed to
10 enter a plea of guilty to Count 12 of the indictment which
11 charges him with being a felon in possession of a firearm on or
12 about December 4th of 2020.  That count carries a maximum term
13 of imprisonment of 15 years and mandatory minimum.  It carries
14 a maximum term of supervised release of up to three years.  And
15 a sentence of up to two additional years of incarceration if a
16 condition of release is violated.  A maximum fine of the
17 greater of $250,000 or twice the gross gain or twice the gross
18 loss, assuming the Court finds that Mr. Woolfolk is able to pay
19 such a fine, as well as a $100 special assessment.

20         THE COURT:  Just to be clear, Mr. Bagnuola, I'm going
21 to jump in.  With respect to supervised release and the
22 potential for an addition two years for a violation, that's
23 without credit for prior time served, correct?

24         MR. BAGNUOLA:  Correct.

25         THE COURT:  Okay.  Let's continue.

1      MR. BAGNUOLA: The Government and Mr. Woolfolk have
2 estimated that his guidelines offense level will be 24, with an
3 extra three points removed for acceptance of responsibility.
4 Given his criminal history which is criminal history category
5 4, we anticipate his advisory guidelines range to be 57 to 71
6 months, that's of course not binding on the sentencing Judge.
7 The defendant has stipulated to the applicability of that
8 guidelines calculation though.
9      He has also agreed not to challenge or appeal his
10 conviction or sentence in the event that Judge Azrack, or
11 whoever happens to be the sentencing Judge, imposes a term of
12 imprisonment of 96 months or below.
13      The Government has agreed not to bring any further
14 criminal charges against Mr. Woolfolk for any of the conduct
15 outlined in the indictment, specifically unlawfully dealing in
16 firearms, making false statements to acquire firearms,
17 conspiring to do those things, and possessing one or more
18 firearms and ammunition, subsequent to a felony conviction in
19 or around October 2020 to January 2021.
20      The Government is not going to be making any motion
21 for an upward departure from the sentencing guidelines. And we
22 will move at the time of sentencing to dismiss with prejudice
23 all of the other counts in the indictment.
24      Those are the -- those are some of the salient terms
25 in the plea agreement, Your Honor.

1  THE COURT: Okay. Mr. Obedin, anything you want to
2  add in that regard?
3  MR. OBEDIN: No, Your Honor.
4  THE COURT: All right.
5  BY THE COURT:
6  Q  Mr. Woolfolk, we talk about the elements of a crime, which
7  are the elements that the Government must prove to establish
8  guilt at trial. Are you aware of the elements of the crime to
9  which you are seeking to plead guilty?
10 A  Yes, sir.
11 THE COURT: Okay, I'm now going to ask the attorney
12 for the Government to summarize those elements for the record.
13 MR. BAGNUOLA: Yes, Your Honor, there's three
14 essential elements of the crime charged. The statutory
15 provision is 18 United States Code Section 922(g)(1). First,
16 that the defendant was convicted in any court of a crime
17 punishable by imprisonment for a term of exceeding one year.
18 Second, that the defendant knowingly possessed a firearm as
19 charged in the indictment. And third, that the possession
20 charged was in or effecting interstate or foreign commerce.
21 THE COURT: All right, thank you. Mr. Obedin,
22 anything to add in that regard?
23 MR. OBEDIN: No, Your Honor, thank you.
24 THE COURT: All right.
25 BY THE COURT:

1 Q    Mr. Woolfolk, have you discussed with your attorney the
2 charge in the indictment to which you seek to plead guilty?
3 A    Yes, Your Honor.
4 Q    And you understand the nature of that charge?
5 A    Yes, sir.
6 Q    Okay, a few minutes ago the attorney for the Government
7 summarized the potential penalties you face with a guilty plea.
8 Did you understand that explanation of the potential penalties?
9 A    Yes, Your Honor.
10 Q    Okay. One of those potential penalties was supervised
11 release.  There's a maximum term of supervised release of up to
12 three years.  That's a period of time during which your conduct
13 would be supervised and you'd be subject to various rules and
14 restrictions.  And if you were to violate any of those rules or
15 restrictions you could be subject to further incarceration for
16 up to two years without credit for prior time served.  Do you
17 understand that?
18 A    Yes, sir.
19 Q    Okay, have you discussed the sentencing guidelines and
20 related sentencing factors with your attorney?
21 A    Yes, Your Honor.
22 Q    Do you understand that the sentencing guidelines are not
23 mandatory, but that in sentencing the Court is required to
24 consider the applicable guideline range, along with certain
25 statutory factors, and the Court will consider the nature and

circumstances of the offense, your criminal history if any, and other relevant characteristics.

A   Yes, sir.

Q   Okay, what that means is the only guarantee you have with regard to sentencing is the statutory maximum we discussed before, which is 15 years. Do you understand that?

A   Yes, sir.

Q   Okay. In formulating the sentence, the District Court must consider certain factors I mentioned before. These include the seriousness of the offense, just punishment, and protection of the public from additional criminal conduct by you or others. Do you understand?

A   Yes, sir.

Q   Do you realize that if the sentence is more severe than you expect, you'll still be bound by your guilty plea. And you will not be permitted to withdraw, it although you may be able to challenge the conviction or sentence if you're sentenced to a period of incarceration greater than 96 months?

A   Yes, Your Honor.

Q   Okay. Do you have any questions you'd like to ask me about the charges, your rights, or anything else relating to this matter?

A   No, sir.

Q   Are you prepared to plead at this time?

A   Yes, Your Honor.

1  THE COURT: Mr. Obedin, do you know any legal reason
2 why the defendant should not plead guilty?
3  MR. OBEDIN: I do not.
4 Q   All right, Mr. Woolfolk, are you satisfied with your legal
5 representation up until this point?
6 A   Yes, Your Honor.
7 Q   Do you believe your lawyer did a good job?
8 A   Yes, Your Honor.
9 Q   What is your plea to the one count referred to in the plea
10 agreement for a felon in possession of firearm?
11 A   Guilty.
12 Q   Are you making this plea of guilty voluntarily and of your
13 own free will?
14 A   Yes, Your Honor.
15 Q   Has anyone threatened you or coerced you in any way in
16 order to get you to plead guilty?
17 A   No, Your Honor.
18 Q   Other than your agreement with the Government, which we
19 reviewed on the record, and is memorialized in the written plea
20 agreement that you signed, has anyone made any promises to you
21 in order to get you to plead guilty?
22 A   No, Your Honor.
23 Q   Has anyone made any promise to you as to what your
24 sentence will be?
25 A   No.

1 Q    I'm now going to ask you to describe for me in your own
2 words what you did in connection with the charge to which you
3 are pleading guilty.
4 A    Yes, Your Honor. On December 4, 2020, within the Northern
5 District of Georgia, I possessed a 9 millimeter carhanger
6 (phonetic).  On that date I knew that I had been previously
7 convicted of a felony and was prohibited from possessing any
8 handgun.
9 Q    You know you possessed the firearm at that time?
10 A   Yes, Your Honor.
11 Q   And was that firearm to be transferred up to here to this
12 judicial district, to Long Island?
13 A   Yes, Your Honor.
14 Q   Okay.  Was it eventually transferred up here?  The
15 firearm, was it brought to New York?
16 A   No, I was caught in Georgia with it.
17 Q   Okay.
18 A   I was arrested by Cobb County police in Georgia.
19 Q   Where did you reach an agreement to do this?  I'm trying
20 to work out your connection to Long Island.
21 A   I was in Georgia on the Parkway headed to Long Island when
22 I was pulled over.
23 Q   But you were on the way to Long Island?
24 A   Yes.
25 Q   Got it.

1  THE COURT: Mr. Bagnuola, is there anything else for
2 the allocution?
3  MR. BAGNUOLA: Your Honor, I would add -- well the
4 Government, as part of its presentation at a trial would offer
5 evidence that the 9 millimeter firearm described by Mr.
6 Woolfolk was not manufactured in the State of Georgia. And
7 must have crossed State lines in order to be found in his
8 possession in Cobb County on the date charged in the
9 indictment.
10  And we would also note that the first 11 counts of
11 this indictment are charged with venue in the Eastern District
12 of New York, this count in particular is charged in the
13 Northern District of Georgia. My understanding is that Mr.
14 Woolfolk is prepared to waive venue in Georgia and submit to
15 the jurisdiction of this Court for purposes of entering his
16 guilty plea on that count.
17  THE COURT: I see. Mr. Obedin, do you agree with Mr.
18 Bagnuola's representations about venue and the connections?
19  MR. OBEDIN: That's correct, Your Honor, and I've
20 explained that to my client.
21  THE COURT: Okay.
22  MR. OBEDIN: And we waive venue for that purpose.
23  THE COURT: Okay, and we're in agreement that the gun
24 traveled in interstate commerce?
25  MR. OBEDIN: Correct.

1   THE COURT: Okay. I'm now going to ask the attorney
2  for the Government, you already started to do this, to outline
3  the proof that would have been submitted had this matter gone
4  to trial.
5   MR. BAGNUOLA: Yes, Your Honor. If the case had gone
6  to trial, the Government would have offered testimony from a
7  cooperating defendant implicating Mr. Woolfolk in a month's
8  long firearm trafficking scheme. And placing firearms
9  identified in the indictment in his possession on the date in
10 question. We'd offer communications extracted from Mr.
11 Woolfolk's cell phone demonstrating his access to and
12 distribution of firearms.
13   We'd offer cell site location data placing him and
14 around retail firearm suppliers at the time corresponding
15 firearm sales reports were generated, including the reports
16 pertaining to the firearms found in his possession on the date
17 in question.
18   We'd offer law enforcement testimony concerning the
19 traffic stop that led to the discovery of the firearms in his
20 possession. The physical firearms recovered during the traffic
21 stop. And a certificate of conviction reflecting the
22 defendant's 2016 conviction for felony attempted criminal
23 possession of a loaded firearm.
24   THE COURT: All right, Mr. Obedin, is there anything
25 else you want to put on the record?

1  MR. OBEDIN:  No, Your Honor, thank you.
2  THE COURT:  Based on the information given to me, I
3 find that this defendant is acting voluntarily and that he
4 fully understands his rights and the consequences of the plea.
5 And that there's factual basis for the plea.
6  I'm therefore recommending acceptance of the plea of
7 guilty to the one count in the indictment for felon in
8 possession to Judge Azrack.
9  Is there anything else?
10  MR. BAGNUOLA:  I believe we have a sentencing date
11 from Judge Azrack, Your Honor.
12  THE COURT:  Yes.  Sentencing date is October 11th at
13 2 p.m.  Anything else?
14  MR. BAGNUOLA:  Nothing further.
15  THE COURT:  Mr. Obedin, anything else for the
16 defense?
17  MR. OBEDIN:  No, Your Honor, thank you.
18  THE COURT:  Thank you all, we are concluded.
19  * * * * *

**C E R T I F I C A T I O N**

I, **PATRICIA POOLE**, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/S/ PATRICIA POOLE

TRACY GRIBBEN TRANSCRIPTION, LLC        DATE: June 6, 2023